Ruffin, C. J.
 

 Upon the death of the plaintiff after judgment, the general rule is, that his representative must re_ vive the judgment by
 
 scire facias,
 
 in order to have execution. It seems that he may have it in the name of the original party, if he apply in time to get one of a
 
 teste
 
 prior to the death. But that must needs be in the case, only, in
 
 *190
 
 which the person, claiming the execution, is the representative of the original party, that is, his executor or administrator, who will be legally entitled to the money when raised. It cannot apply to the present case. For, at common law there was no privity between the executor and administrator
 
 da bonis
 
 non; which was created by the St. 17 Car. II, re-enacted here, Rev. Stat. Ch. 31, Sec. 118, and established to this extent : that where a judgment is had after verdict by an executor or administrator who dies, the administrator
 
 de bonis non
 
 may sue forth a
 
 scire facias
 
 on such judgment and take execution. The administrator
 
 de bonis non,
 
 then, hath no right in the judgment until he shall have revived it in his own name by
 
 sci
 
 fa; and consequently he could not require the Clerk to give him execution in any form, before he had thus made himself a party. It is plainly right that it should be so; since neither the Clerk nor the other party should be concluded as to his representative character, without the opportunity to contest it. ,
 

 The Statute does not in terms cover our case, since there was not a judgment after verdict, but a decree upon petition-But we do not put the decision on that ground, because we suppose that, by force of another act, it is brought within the operation of the one under consideration. The act of 1787, Ch. 278, provides, that, upon a decree in equity for money, execution may issue .against the body or estate to satisfy such decree, in the same manner as executions may issue at law, and that the decree and execution shall bind the estate in the same manner as judgments and executions do at law. It may be observed by the way, that the party is entitled to the execution on such a decree for money by force of the Statute, whether the decree give it in terms or not. There is as little necessity for inserting a
 
 fiat
 
 for execution in a decree as ill a judgnlent, as in each the right to the process is incident to the right to the money. But since the right to an execution on a decree is thus córrela-.
 
 *191
 
 tlve to that of taking execution on a judgment, it follows that an administrator
 
 de bonis non
 
 must likewise in some appropriate method make.himself a party in equity in order to take execution there. That is necessarily to' be done according to the course of that Court for reviving suits cr making parties, as by bill, or by the more summary method given by the act of 1801, Rev. Stat. Ch. 32, Sec. 8 and 9. It is true, this is not the decree of the Court of Equity, technically speaking. Rut it is virtually so, within the remedial provisions for reviving suits and having executions on decrees, since suits for legacies, distributive shares, and filial portions given in the Courts of law by petition are considered in the nature of proceedings in equity, in, respect to the pleadings, taking the accounts, decreeing and rehearing or reviewing. So they must be also in respect to process on the decrees. We conclude, therefore, that an administrator
 
 de bonis non
 
 may enforce decrees for money in equity or on petition at law, but that to <;lo so, ho must first make himself a party!
 

 The counsel for the plaintiff, however, contended, that 'f it be true that an administrator
 
 de bonis non
 
 cannot take the execution on a judgment recovered by an executor, without first suing a
 
 scire
 
 facias, yet it is otherwise where there is a joint judgment for the executor and .others; and that, in this last case, without suggesting the death, execution may be taken in the name of the original parties, and the clerk ought to have given the relator an execution of that kind, on which lié might have the monéy raised, to which, when raised, he would be entitled. It seems true, that on joint judgments for or against several persons, the death of one of the parties does not render a
 
 scire facias
 
 necessary, in order to obtain execution, according to the course of the Courts in England ; but it may be had for or against the survivors upon suggestion, or if there be no suggestion, for or against the original parties. But it is plain, the reason is, that a joint judgment survives, an I
 
 *192
 
 there could therefore be no harm in taking
 
 execution
 
 in either form ; since, if the execution for conformity’s sake followed the judgment, it could not be executed in respect of the dead person, and the survivors alone would be entitled or liable under it — as, for example, when there are two executors here, and one of them dies after judgment, no
 
 scire facias
 
 is needful to enable the other to have execution. But proceedings of the nature of those in this case are essentially different from such judgments at law. If a residue or other fund be given to divers persons to be divided equally between them, the rule of the Court •of equity is, that they must all be parties to a suit against the executor for it, in order to avoid litigation and expense. Yet they have not a joint interest in the legacy, and, in respect of unequal payments to them respectively/ unequal sums may be found in the suit to be due to the different legatees. Hence, the'decree in their favor is not iri the nature of a judgment in a joint action, but it is, that the executor pay to each one what is found due to that one; and so on, until every ore has a decree for his own share.— Therefore the decree is several, and each plaintiff proceeds for himself to enforce it as he may be advised, as if the recovery were made in a suit in which he1 was the sole plaintiff, and without any power in the other plaintiffs to interpose between him and the debtor on the decree The rights of the several parties are entirely distinct before the decree and under the decree. Then, the statute, in giving execution on decrees for money in the same manner as upon a judgment, must be understood in reference to this distinction. Therefore the other petitioners could not interfere with the particular sum decreed to the executor Edgar A-. Long, viz: $339,23, but the right to that, sum passed exclusively to the person entitled in law to succeed thereto, who in this case was the administrator
 
 de bonis non
 
 of the original testator. But, although he thus had-the several right to the money, he could not, as we have seen, have
 
 *193
 
 execution for it until he should entitle himself to it in his own name, by the method given in the statute, or otherwise according to the course of the Court of equity.
 

 Pearson, J.
 

 In England, a judgment in favor of two or more plaintiffs, upon the death of one, survives, and the survivors become entitled to the judgment absolutely, and may sue out execution and collect the whole sum for their own use, execept in case of copartners in merchandise, &c. So in this State, a judgment in favor of two or more
 
 executors,
 
 upon the death of one, survives to the others, by virtue of the office, which they continue to represent. For, there is
 
 one office,
 
 although it may be filled by several.
 

 But when two or more joint obligees, who are not partners for the purpose of carrying on trade, commerce, &c., take a joint judgment, how far the English doctrine applies, or how far and in what manner the right of survivorship is abolished in regard to such joint judgments, by force of the act of 1784, Rev. Stat. Ch. 43, Sec. 2, which provides, that all
 
 estates
 
 real or personal held in joint tenancy, upon the death of one, shall not descend or go to the survivor, but shall descend or be vested in the heirs, executors, administrators &c., of the party dying, in the same manner as estates held by tenancy in common, is an open question. The Statute uses the word,
 
 “estates,”
 
 which is broad enough to include bonds and judgment, as well as land and other property.
 

 My purpose is not to express an opinion on this point; for it is not prevented, but simply to “exclude a conclusion,” so as to leave it open, until it is presented and is the point in the case. This seems to me to be necessary to prevent an inference from the opinion of the Court, as delivered, that it was assumed, that in this State a
 
 joint judgment at law
 
 would survive as in England, about which no intimation of opinion was called for.
 

 
 *194
 
 A judgment or decree for distributive shares or for legacies, which is our case, very clearly so far partakes of the nature of a decree in Equity, as to be several, and in fact there is a decree for each severally, according to the amounts to which they are respectively entitled. This is fully set out in the opinion of the Court.
 

 Pee Cuiuam ' Judgment affirmed.